1:21MJ2350

**<u>AFFIDAVIT</u>**

I, Lisa M. Hack, a Special Agent with the Federal Bureau of Investigation (FBI), Cleveland Division, being duly sworn, depose and state as follows:

1. I have been employed as a Special Agent of the FBI since March of 2004 and am currently assigned to the Violent Crime Squad in the Cleveland Division. While employed by the FBI, I have assisted in the investigation of federal criminal violations related to Violent Crimes and the FBI's Innocent Images National Initiative, which investigates matters involving the online sexual exploitation of children. I have gained experience through training at the FBI's Innocent Images National Initiative training center and everyday work related to conducting these types of investigations.

2. I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code.

3. I have probable cause to believe that BRANDON THOMAS KERN, DOB: XX/XX/1994 [redacted], with a Social Security Account Number ending in 5251, traveled with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). I submit this application and affidavit in support of a criminal complaint against KERN and request an arrest warrant be issued for the same. The statements contained in this affidavit are based in part on my own knowledge of the investigation, as well as information supplied to me by the North Olmsted Police Department. This information includes my personal observations as well as information gathered from the results of physical surveillance conducted by law enforcement agents.

4. This affidavit is being submitted for the limited purpose of establishing probable cause that KERN violated 18 U.S.C. §2423(b), travel with intent to engage is illicit sexual conduct.

    a. 18 U.S.C. §2423(b) prohibits a person who travels in interstate commerce or travels into the United States, for the purpose of engaging in any illicit sexual conduct with another person. The term "illicit sexual conduct" means (1) any sexual act, as defined in §2246, with a person under 18 years that would be in violation of chapter 109A if the sexual conduct occurred in the special maritime and territorial jurisdiction of the United States; or (2) any commercial sex act, as defined in § 1591, with a person under 18 years of age.

## PROBABLE CAUSE

5. On October 7, 2021, sworn law enforcement officers of the North Olmsted, Ohio Police Department initiated an investigation involving KERN and his use of the internet when Minor Victim #1 and her mother came to the police department to file a report regarding on-line activity between KERN and Minor Victim #1.

6. Minor Victim #1 advised law enforcement that she had been communicating via the Snapchat social media platform and that KERN had traveled from New York to Ohio to meet her for sex.

7. A review of Minor Victim #1's cell phone and Snapchat messages revealed photos sent by KERN to Minor Victim #1 of North Olmsted Middle School which appeared to be taken from a moving vehicle and from the Hampton Inn located on Country Club Boulevard in North Olmsted. These photographs frightened Minor Victim #1 causing her to report the incident to law enforcement.

8. Minor Victim #1 initially thought KERN was 16 years of age but as the conversations continued, Minor Victim #1 realized KERN was likely not 16 years old if he was renting a car and driving to Ohio.

9. Law enforcement officers then canvased the area of the Hampton Inn located on Country Club Boulevard in North Olmsted, Ohio and located a vehicle which KERN had described in his text messages to the Minor Victim #1 and had a New Jersey license plate. Law enforcement officers then contacted the vehicle rental company, EAN Holdings, who provided the name of the vehicle renter as Brandon Kerns with a secondary renter of Edward Costanzo. The vehicle was rented from the Long Island MacArthur Airport facility for the dates of 10/06/2021 through 10/13/2021.

10. A review of law enforcement and public data bases revealed Brandon Thomas KERN with a date of birth of XX/XX/1994 [redacted] and a social security number of XXX-XX-5251, [redacted] home address XXX Gerritsen Avenue, Bayport, New York [redacted].

11. While Minor Victim #1 and her mother were making their police report, Minor Victim #1 advised she had been communicating with KERN since the middle of September and the conversations became sexual in nature. Minor Victim #1 was thirteen (13) at the time but turned fourteen (14) during the timeframe of their conversations. Minor Victim #1 advised KERN would call her "Daddy's little slut" and stated, "I want to come see you to have sex." Minor Victim #1 advised she told KERN on several occasions her real age, to include that she had turned 14 years old on Monday, September XX [redacted]. KERN continued the Snapchat messages with Minor Victim #1 as she was making the police report.

12. Minor Victim #1 indicated via message to KERN that she was scared and KERN became more aggressive threatening to send photos of Minor Victim #1 to others "exposing her." Officers saw those messages as they came in on Minor Victim #1's cell phone with a sample of those conversation following:

    > KERN: I'll be there from 305-315 you wanna not be exposed be there if I see cops or people with you I leave I'm not unlocking the truck till you knock on window if not I'll just start hanging the nudes I printed out all over town. I think I got like 2-3k
    > MV: I am getting out of school at 1:30, don't send them to anyone I don't have a way to get to maple , I got grounded last night also I haven't had service at all today I can meet at library Across street
    > KERN: Where's library I'll pick you up lol I was sleeping since I been driving all night to see you
    > MV:  Right across from my school it's walk able lol
    > KERN: You mean the middle school
    > MV: Yeah
    > KERN:  You there now?
    > MV: Soon around 1:40

13. Law enforcement officers then deployed to the vicinity of the North Olmsted Public Library and the Hampton Inn.  KERN was seen leaving the Hampton Inn and traveling directly to the North Olmsted Public Library.  Once KERN pulled into the parking lot, law enforcement officers took KERN into custody and transported him to the North Olmsted Police Department.  North Olmsted, Ohio is located in the Northern District of Ohio.

14. While in custody, KERN was advised of his Miranda rights and he placed his signature on the FD-395 Federal Bureau of Investigation Advice of Rights form, agreeing to talk to law enforcement.  While talking with law enforcement officials, KERN admitted he traveled from Bayport, New York and planned on meeting Minor Victim #1 for sex.  KERN stated he thought Minor Victim #1 was 18 years old and that he was "role playing" that Minor Victim #1 was younger.

4

15. KERN stated he had been in contact with Minor Victim #1 for approximately three to four months and that the conversation turned sexual almost immediately upon meeting via social media. KERN stated he does not like to waste people's time because he is a "freak" and wants others to know that up-front. When asked what he meant by "freak", KERN advised he is interested in domination, sadism, and masochism.

16. While being interviewed, KERN admitted he had brought rope, condoms and lube for the purpose of sex with the Minor Victim #1 and these items would be found in his hotel room at the Hampton Inn.

17. KERN admitted he had rented a vehicle in New York with the help of his step-father, Edward Costanzo and that he drove from Bayport, New York to North Olmsted, Ohio to meet Minor Victim #1 for sex.

## CONCLUSION

18. Based on the aforementioned factual information, your Affiant respectfully submits that there is probable cause to believe that BRANDON THOMAS KERN has violated Title 18, U.S.C. § 2423(b).

_____
Lisa M. Hack
Special Agent
Federal Bureau of Investigations

Sworn to via telephone after submission by reliable electronic means [Fed. R. Crim. P. 4.1] this 8th day of October, 2021.



David A. Ruiz
United States Magistrate Judge